# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| STEVEN ANTHONY LANGLEY, <br>  Plaintiff, | Civil Action No. 7:19-cv-00198 |
| v. | **MEMORANDUM OPINION** |
| FOOD SERVICE AT WALLENS <br> RIDGE STATE PRISON, <br>  Defendant. | By: Norman K. Moon <br> Senior United States District Judge |

Steven Anthony Langley, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983, in which he names only a single defendant: "Food Service at Wallens Ridge State Prison." In his brief complaint, he contends that he and other inmates housed at Wallens Ridge are not being fed a sufficient number of calories, as he claims is "policy." (Compl. 2, Dkt. No. 1.) He alleges that he has lost weight as a result of the failure to provide adequate calories. The relief he seeks has three aspects: (1) he asks for the court to "send some one to investigate food service"; (2) he asks to be transferred to Nottaway, a different VDOC facility; and (3) he seeks $1500 in damages. (*Id.*)

Upon review of Langley's complaint, I conclude that it fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Particularly important here, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged

acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vennedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Langley does not identify any defendant who took any specific action against him; instead, Langley has named an entity that is not a "person" for purposes of § 1983.

Therefore, I will summarily dismiss the action without prejudice under § 1915A(b)(1). Such a dismissal leaves Langley free to refile his claims in a new and separate civil action if he can correct the deficiency described this opinion, and subject to the applicable statute of limitations. An appropriate order will be entered.

**ENTER**: This 19th day of November, 2019.

/s/ Norman K. Moon
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE